25-1266
*Al-Mashwali v. US Citizenship and Immigr. Servs.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:
             SUSAN L. CARNEY,
             BETH ROBINSON,
             MYRNA PÉREZ,
                 *Circuit Judges.*

_____

MUTAHER SAEED AL-MASHWALI, K.A., S.A.,
AHMED MUTAHER SAEED AL-MASHWALI,

       *Plaintiffs-Appellants,*

          v.                                  No. 25-1266

U.S. CITIZENSHIP AND IMMIGRATION SERVICE, BOARD OF IMMIGRATION APPEALS, MARKWAYNE MULLIN, UNITED STATES SECRETARY OF HOMELAND SECURITY, JOSEPH B. EDLOW, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendants-Appellees*.[*]

_____

FOR PLAINTIFFS-APPELLANTS:        JULIE A. GOLDBERG, Goldberg & Associates, Melvindale, MI.

FOR DEFENDANTS-APPELLEES:        BRANDON M. WATERMAN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*) *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on March 21, 2025, is **AFFIRMED**.

Plaintiffs-Appellants Mutaher Saeed Al-Mashwali ("Mutaher"), K.A., S.A., and Ahmed Mutaher Saeed Al-Mashwali appeal the district court's grant of summary judgment in favor of the Government. They challenge U.S. Citizenship and Immigration Services' ("USCIS") denial and the Board of Immigration

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Director Edlow is automatically substituted for Acting Director Alfonso-Royals. And we refer to minors by their initials. The Clerk's office is respectfully directed to amend the caption as reflected above.

Appeals' ("BIA") affirmance of USCIS's denial of the Form I-130 petitions for alien relatives that Mutaher, a U.S. citizen, filed on behalf of the three noncitizen appellants (the "beneficiaries"). Mutaher sought to have the agency designate the beneficiaries as his children, thereby giving them "immediate relative" status under 8 U.S.C. § 1154(b) and making them eligible to apply for immigrant visas. USCIS denied all three petitions, explaining that it did so because Mutaher failed to reconcile discrepancies between the documentation he filed in connection with these petitions and documents he earlier filed in connection with his naturalization process. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

For USCIS to designate the beneficiaries as his children, Mutaher must demonstrate that each is his "child" within the meaning of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101(b)(1); 8 C.F.R. § 204.2(d)(2). The statute includes distinct definitions of "child" depending on whether a child is born in wedlock (i.e., to parents who are married to each other); born out of wedlock and "legitimated" under the law of the child's or father's residence; born out of wedlock (i.e., born to unmarried parents); adopted; or a step-child. *See* 8 U.S.C.

3

§ 1101(b)(1). Consistent with the differences among the statutory categories of children for whom a parent is seeking admission, USCIS regulations identify the primary documentation that a parent may submit to establish the parent-child relationship for each category. 8 C.F.R. § 204.2(d)(2). When such "primary evidence" of the relationship is unavailable, "secondary evidence may be accepted." *Id.* § 204.2(d)(2)(v). The USCIS regulations refer to a child born in wedlock as "legitimate" and a child born out of wedlock and not subsequently "legitimated" as "illegitimate." *Id.* § 204.2(d)(2)(i) and (iii).

In each of the three petitions that he filed here, Mutaher attested that the beneficiary was born in Yemen in wedlock, identified his current marital status as "divorced," and identified Atekah Ahmed Thabet ("Atekah") as his spouse, writing "N/A" in the box seeking the date the marriage ended. In support of these petitions, Mutaher submitted his marriage certificate to Atekah, which reflected that the two were married in 1990. He also submitted each beneficiary's birth certificate, which listed him as the father and Atekah as the mother, and reflected that they were born in 2002, 2008, and 2010, respectively.

But Mutaher's 2010 naturalization certificate reflects that he was at that time divorced. Moreover, as part of his 2010 naturalization proceedings, Mutaher also

4

submitted a death certificate reflecting that Atekah died in 1997—years before the beneficiaries' births. In the years after Atekah's death in 1997 (as reflected on the death certificate), Mutaher had married and divorced two U.S. citizens. The oldest beneficiaries' birth occurred during his first U.S. marriage, and he received permanent-resident status by virtue of the second U.S. marriage.

Citing the discrepancies between the I-130 petitions and the naturalization records in Mutaher's immigration file, USCIS requested additional information from Mutaher concerning the termination of his marriage to Atekah. In response, Mutaher did not explain the discrepancies but instead provided DNA evidence of his biological parentage of each beneficiary, as well as evidence of their parent-child relationships. He also maintained throughout the USCIS process that, notwithstanding his prior representations about Atekah's death and his marital status, Atekah gave birth to the beneficiaries and he was married to her at the time of each birth. At his interview, Mutaher refused to testify or answer under oath any related questions on the advice of counsel.

USCIS issued two successive notices of intent to deny the petitions, both of which identified the discrepancy between the birth and death certificates and Mutaher's failure to meaningfully respond. USCIS thereafter denied each petition.

The BIA affirmed, explaining in its decisions on the three petitions that Mutaher "has not met his burden to establish that the beneficiary can be classified as the legitimate child of a United States citizen under 8 C.F.R. § 204.2(d)(2)(i)." *E.g.*, Dist. Ct. Dkt. 20-1 at 3. Acknowledging Mutaher's alternative arguments that the beneficiaries qualify for "immediate relative" status under the definitions of "legitimated" or "illegitimate" children, the BIA emphasized that Mutaher did not assert, as a factual matter, that any beneficiary was born out of wedlock. It noted that he could file a new petition "with evidence that the beneficiary qualifies for the immigration status being sought." *Id.* Mutaher then filed this federal action.

## I. Administrative Procedure Act ("APA") Claim

In response to Mutaher's APA challenge to these decisions, the district court granted summary judgment to the defendants and held that the "denials were not arbitrary and capricious." *Al-Mashwali v. U.S. Citizenship & Immigration Services*, No. 23-civ-7967, 2025 WL 872089, at *5 (S.D.N.Y. Mar. 20, 2025).[1]

On appeal from a grant of summary judgment on a claim brought under the APA, we review the administrative record without deference to the decision of the district court. *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). "Under the [APA],

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

we must hold unlawful and set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Hadwan v. U.S. Department of State*, 139 F.4th 209, 221 (2d Cir. 2025) (citing 5 U.S.C. § 706(2)(A)). The scope of our review is narrow, and we do not substitute our judgment for that of the agency. *Id.*

The agency's denial of Mutaher's Form I-130 petitions was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Although Mutaher presented some evidence to support his claim that the beneficiaries were born in wedlock to him and Atekah, the agency did not err in rejecting that evidence because of its inconsistency with evidence he submitted as part of his earlier naturalization proceedings. *See* 8 C.F.R. § 204.1(f)(1) ("The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of [USCIS].").

Nor did the agency act arbitrarily or capriciously in refusing to credit Mutaher's DNA evidence and other evidence submitted by him to show a bona-fide relationship with the beneficiaries. That evidence did not establish the required elements of a parent-child relationship between a U.S. citizen parent and a child born in wedlock—the basis upon which Mutaher sought to establish the

beneficiaries' status. Mutaher repeatedly averred—in the petitions, before the USCIS, and before the BIA—that the beneficiaries were born in wedlock to him and Atekah, despite the discrepancy between these claims and his prior submission of her death certificate, and he expressly contested the agency's characterization of the beneficiaries as being born out of wedlock. The agency thus did not err in declining to consider whether Mutaher's evidence could establish that the beneficiaries were his "illegitimate" children. *See* 8 C.F.R. § 204.2(d)(2)(ii) and (iii).

Finally, Mutaher's argument that USCIS improperly considered the inconsistent evidence as to whether the children were born in wedlock to him and Atekah on the ground that any misrepresentation on the matter was immaterial is unpersuasive. The decision he relies on, *Kungys v. United States*, merely holds that in the context of denaturalization based on material misrepresentations made in the naturalization process, the test of whether misrepresentations were material is "whether they had a natural tendency to influence the decisions" of the agency. 485 U.S. 759, 772 (1988). Here, the discrepancy at issue related to a statutory element of Mutaher's claim as he presented it to the agency in the first instance.

## II.    Equal Protection Claim

We review the district court's grant of summary judgment to defendants for lack of standing without deference. *Natural Resources Defense Council, Inc. v. U.S. Food & Drug Administration*, 710 F.3d 71, 79 (2d Cir. 2013). To have standing, plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Kearns v. Cuomo*, 981 F.3d 200, 207 (2d Cir. 2020). To survive the summary judgment motion, Mutaher needed to proffer "specific facts" supporting his claim that he was "directly affected" by the allegedly discriminatory policy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

Mutaher argues on appeal that the alleged equal protection violation in this case is "that USCIS disregards all primary and secondary documents from Yemeni applicants, rendering them otherwise unable to establish eligibility except for providing DNA testing." Appellant's Brief at 20. But Mutaher has not shown that the administrative review process in his case was affected by such a purported policy, defeating his standing to pursue this claim. *Lujan*, 504 U.S. at 563 (noting that "the party seeking review [must] be himself among the injured").

Instead, the administrative record shows that USCIS disregarded the birth certificates Mutaher submitted not because he is Yemeni-American or because the documents were issued in Yemen but because they reported that the beneficiaries were born to a woman who, according to documentation he had previously submitted, died years before their respective births. He has therefore shown no "denial of equal treatment resulting from the imposition of the barrier" because the alleged barrier barred nothing here. *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Florida*, 508 U.S. 656, 666 (1993). That is, USCIS did not reject his primary evidence here; it concluded that the unexplained discrepancy in that evidence defeated his claim. Thus, the district court correctly dismissed the equal protection claim for lack of standing and did not abuse its discretion in denying Mutaher discovery on the issue. *See Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

* * *

Finally, we need not consider the district court's grant of summary judgment to defendants on the RFRA or Establishment Clause claims, as Mutaher has not meaningfully challenged these rulings. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented

10

in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.").

For these reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court